IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TYRONE HIAWATHA LEE, ) | |
|     Plaintiff, ) | Civil Action No. 7:20cv00600 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| STACY Y. BROWN, et al., ) | Chief United States District Judge |
|     Defendants. ) | |

**MEMORANDUM OPINION**

    Plaintiff Tyrone Hiawatha Lee, a Virginia prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, as well as a partial application to proceed in forma pauperis. ECF No. 2. The Clerk conditionally filed this action and directed Lee to submit additional required financial information. ECF No. 3. To the extent that Lee requests to proceed in forma pauperis, however, at least three of Lee's previous actions or appeals have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] Therefore, even if Lee could prove his indigence, he may not proceed with this action unless he either prepays the entire filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

    Lee's complaint, despite vague references to "cruel and unusual punishment," and a passing reference to one of his "issues" being the "use of excessive force," does not contain

---

[1] See, e.g., Lee v. Alderman, No. 7:99cv109 (W.D. Va. Feb. 18, 1999) (dismissing under 28 U.S.C. § 1915A(b)(1), either as frivolous or for failure to state a claim); Lee v. United States, No. 3:00cv211 (E.D. Va. Oct. 30, 2000) (dismissing as frivolous); Lee v. U.S. Dep't of Justice, No. 3:00cv209 (E.D. Va. Nov. 27, 2000) (dismissing as frivolous); Lee v. Va. State Bar, No. 3:00cv518 (E.D. Va. Nov. 21, 2001) (dismissing as frivolous); Lee v. U.S. Dep't of Justice, No. 3:08cv172 (E.D. Va. Mar. 24, 2008) (dismissing without prejudice for failure to state a claim).

any factual allegations about any use of excessive force against him.[2] Instead, his complaint includes claims based on allegations that: (1) his religious rights were violated; (2) numerous false or unfair disciplinary reports were filed against him resulting in an unfair increase of his security level; (3) he was denied access to the grievance procedure; (4) his living conditions in the past were unconstitutional or unsafe; and (5) certain "intellectual property" of his was destroyed. See generally Compl., ECF No. 1.

His complaint devotes one paragraph to the issue of whether he is in imminent danger of serious physical injury. Compl., ECF No. 1 at 10. Even accepted as true, though, that paragraph does not satisfy his burden. Lee simply says that in November 2019 (almost a year before he filed his complaint), an unspecified threat was made by one of the defendants. He also appears to complain about an unidentified staff member working in the mailroom who returned his complaint in this case for lack of proper postage the first time he tried to file it, in early October 2020. He then references the "mental anguish and emotional distress he has been made to endure." Id. He concludes the paragraph with a statement that he "will allow the Court to make the call," but states that "Allah (God) is witness to all things and doesn't like ugly where his authority or omnipotence is challenged." Id.

None of these allegations, including the vague allegation of a year-old threat, demonstrate that Lee is in imminent danger of serious physical harm. Instead, to make that showing, Lee must show that the "conduct complained of threatens continuing or future injury," not just that he "deserves a remedy for past misconduct." Johnson v. Warner, 200 F. App'x 270, 272 (4th Cir. 20006) (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir.

---

[2] Lee has since filed a motion for summary judgment. ECF No. 4. In it, he states that at some unspecified point in the past, unidentified persons "stripped him naked face down in the restricted housing unit and he was "later found hanging from the ceiling." Id. at 2. These vague allegations do not show that he is imminently at risk of serious physical harm, either.

2003)). "Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make 'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" Johnson, 200 F. App'x at 272 (quoting Martin, 319 F.3d at 1050); see also Shepherd v. Annucci, 921 F.3d 89, 97 (2d Cir. 2019) (affirming district court's conclusion that claim of imminent danger was "without foundation" when the prisoner's explanation was "both circular and completely conclusory"). Lee's allegations fall far short of the required showing.

As Lee has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury," the court will dismiss his complaint without prejudice pursuant to 28 U.S.C. § 1915(g). If Lee pays the full filing fee of $400.00 within the next twenty days, the case will be reinstated on the active docket of the court. Otherwise, it will remain closed.

An appropriate order will be entered.

It is so **ORDERED**.

Entered: October 28, 2020

Michael F. Urbanski
Chief U.S. District Judge
2020.10.28 15:46:18 -04'00'

Michael F. Urbanski
Chief United States District Judge