IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TYRONE HIAWATHA LEE,       )<br>    Plaintiff,               )<br>                               )<br>v.                             )<br>                               )<br>STACY Y. BROWN, *et al.*,  )<br>    Defendants.            ) | Case No. 7:20-cv-00600<br><br>By: Joel C. Hoppe<br>United States Magistrate Judge |

## **ORDER**

Tyrone Hiawatha Lee, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983, along with a partial application to proceed *in forma pauperis* ("IFP"). On October 28, 2020, the presiding district judge denied the IFP motion and dismissed the action without prejudice pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g). Lee subsequently filed a motion for reconsideration. That motion was granted on May 12, 2022, and the case was reinstated to the active docket. In a separate conditional filing order entered that same day, Lee was directed to submit a completed consent form for collection of the filing fee, as required by 28 U.S.C. § 1915(b). Pending before the court is Lee's motion for relief from that order, in which he objects to being required to consent to payment of the filing fee. (ECF No. 17.) For the following reasons, the motion is denied.

In 1995, Congress "placed several limitations on prisoner litigation in federal courts" by enacting the Prison Litigation Reform Act ("PLRA"). *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). "Among those limitations, Congress required prisoners qualified to proceed *in forma pauperis* nevertheless to pay an initial partial filing fee." *Id.* They are then required to "complete payment of the filing fee . . . in monthly installments." *Id.* Thus, regardless of whether prisoners are granted leave to proceed IFP, they are eventually "required to pay the full amount of a filing fee." 28 U.S.C.

§ 1915(b)(1). There are no exceptions to this requirement. As other courts have noted, "there is nothing in the language of § 1915(b)(1) suggesting that any prisoner under any circumstance is exempt from paying the full filing fee, nor is there anything in the language of the statute providing [courts] with the authority to exempt a prisoner from paying the full amount due." *Ippolito v. Buss*, 293 F. Supp. 2d 881, 883 (N.D. Ind. 2003); *see also Jamison v. United States Fed. Gov't*, No. 1:18-cv-00419, 2019 U.S. Dist. LEXIS 213567, at *3 (S.D. Ohio Dec. 11, 2019) ("The PLRA contains no language suggesting that the courts have authority or any discretion to allow prisoners to depart or deviate from the payment schedule explicitly set out in [§ 1915(b)].").

For these reasons, it is hereby **ORDERED** that Lee's motion for relief from the conditional filing order, ECF No. 17, is **DENIED**. Lee shall return the signed consent form to the court within fourteen (14) days of the date of entry of this order. Failure to comply with this order will result in the dismissal of this action without prejudice.

The Clerk is directed to send copies of this order and the consent form to Lee.

It is so **ORDERED**.

ENTER: June 17, 2022

/s/ Joel C. Hoppe
United States Magistrate Judge