IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TYRONE HIAWATHA LEE,     ) | |
|     Plaintiff,     ) | Case No. 7:20-cv-00600 |
|     ) | |
| v.     ) | |
|     ) | By: Michael F. Urbanski |
| STACY Y. BROWN, et al.,     ) | Chief United States District Judge |
|     Defendants.     ) | |

**MEMORANDUM OPINION**

Tyrone Hiawatha Lee, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, along with a partial application to proceed in forma pauperis ("IFP"). For the following reasons, the case will be dismissed without prejudice for failure to comply with prior orders.

**Background**

On October 28, 2020, the court denied Lee's IFP request and dismissed the action without prejudice pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g). Lee subsequently filed a motion for reconsideration. That motion was granted on May 12, 2022, and the case was reinstated to the active docket. In a separate conditional filing order entered that same day, Lee was directed to submit a completed consent form for collection of the filing fee, as required by 28 U.S.C. § 1915(b). See 28 U.S.C. § 1915(b)(1) ("Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee."). The order warned that failure to return the consent form within twenty days would result in the dismissal of the action without prejudice. See ECF No. 15 at 1–2.

Lee did not comply with the conditional filing order. Instead, he filed a motion for relief from the order, in which he objected to being required to consent to payment of the filing fee. That motion was denied on June 17, 2022, and Lee was directed to return the consent form to the court within fourteen days. He was expressly warned that "[f]ailure to comply with this order will result in the dismissal of this action without prejudice." ECF No. 19 at 2. The fourteen-day period has expired, and Lee has not returned the consent form.

## Discussion

"The Federal Rules of Civil Procedure recognize that courts must have authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Given the inherent judicial authority to make such dismissals, a court may, in appropriate circumstances, enter such a dismissal sua sponte, even absent advance notice of the possibility of dismissal." Attkisson v. Holder, 925 F.3d 606, 625 (4th Cir. 2019) (internal quotation marks and citation omitted). The propriety of an involuntary dismissal ultimately depends on the particular circumstances of the case. Ballard, 882 F.2d at 95.

Under the circumstances presented here, the court finds that dismissal is appropriate. Despite receiving another opportunity to return the required consent form, Lee has not complied with the court's directions. He was expressly warned on two occasions that failing to return the consent form within the time provided would be cause for dismissal of the action without prejudice. Consequently, Lee's noncompliance warrants dismissal. See

Ballard, 882 F.2d at 96 (finding that dismissal was the appropriate sanction where the pro se litigant disregarded a court order despite being warned that failure to comply would result in dismissal).

## Conclusion

For the reasons stated, this action will be dismissed without prejudice for failure to comply with prior orders. An appropriate order will be entered.

Entered: July 8, 2022

Digitally signed by Michael F. Urbanski
Chief U.S. District Judge
Date: 2022.07.08 15:22:22 -04'00'

Michael F. Urbanski
Chief United States District Judge